UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GRAYSON TSE, ET AL., ON
BEHALF OF THEMSELVES AND                    CIVIL ACTION
OTHERS SIMILARLY SITUATED


VERSUS                                      NO: 97-3274


BRUCE GREENSTEIN, SECRETARY                 SECTION: J(5)
OF LOUISIANA DEPARTMENT OF
HEALTH AND HOSPITALS


## ORDER AND REASONS

This matter is before the Court on Defendant's Motion to
Dismiss Plaintiffs' Motion to Enforce Stipulations and Orders
**(Rec. Doc. 286).**  Plaintiffs oppose the motion.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This case was brought in 1997 to require the Louisiana
Medicaid agency to comply with its statutory duty to arrange for
medically necessary services for a class of children with severe
developmental disabilities – those on a waiting list to receive
expanded services under a Medicaid program, previously called the
"MR/DD Waiver" and now referred to as the "NOW Waiver," that
provides home and community-based services to persons who meet
the requirements for care in an institution.

Congress amended the Medicaid statute in 1989 to require

states to determine the need for services and to provide all

medically necessary coverable services to recipients

under the age of 21.  As a result, many of services that class

members thought could be obtained through the MR/DD Waiver should

instead have already been available to them through Louisiana's

Medicaid program.  The plaintiffs originally alleged, among other

things, that the Louisiana Department of Health and Hospitals

("the Department") employed a cumbersome and unwieldy system of

prior authorization requirements in order to deny access to many

of these services.

    While the case was pending, the parties were able to resolve

their dispute through a series of court-approved stipulations and

orders.  These stipulations and orders created a set of

procedures to be utilized when the Department communicated with

class members, their physicians, or other service providers about

prior authorization requests, as well as when the Department

authorized or denied services.[1]  This Court retained jurisdiction

over this matter to ensure that the stipulations were implemented

and enforced, as well as to resolve any future disputes regarding

the parties' agreements.

    Over nine years later, in late 2011, Plaintiffs filed a

motion alleging that the Department was violating certain

---

    [1]  See Rec. Docs. 43; 117; 139; 144.

stipulation provisions and seeking an order requiring it to

remedy its alleged non-compliance.  In response, however,

Defendant filed the instant motion seeking to dismiss Plaintiffs'

motion based on their purported failure to comply with the

stipulations' written notice requirement prior to seeking

judicial enforcement.

## DISCUSSION

Each of the stipulations and orders that are the subject of

Plaintiffs' motion provide a required course of action in the

event that any class member believes that the Department has

failed to comply with any obligation imposed therein.  The

stipulations' enforcement provisions each state, in pertinent

part:

> **"In the event that class members seek to enforce this
> stipulation based on the belief that the defendant has
> failed to discharge any of his obligations under this
> stipulation, they will give written notice of such
> failure to defendants counsel, specifying the grounds
> that demonstrate such failure, and the defendant will
> have forty-five days from the receipt of such notice to
> come into or establish compliance with this
> stipulation."**[2]

Here, Defendant alleges that the Plaintiffs failed to

provide the Department with the required written notice of a

claimed violation at least 45 days prior to seeking enforcement

---

[2] See Rec. Doc. 275-2, p. 18, ¶ 29; Rec. Doc. 275-2, p. 31,
¶ 16.

from the Court.  Although Defendant acknowledges a series of
letters sent by Plaintiffs' counsel from July to August 2011,
they characterize this correspondence as a set of "inquiries" and
"requests for information."  Defendant further points out that
none of these letters reference the enforcement provisions or
explicitly state that Plaintiffs would bring an enforcement
action if the Department did not establish compliance within 45
days, in contrast to other prior letters from class members'
counsel.

In response, Plaintiffs contend that the aforementioned
letters satisfy the 45-day written notice requirement.  They note
that the claimed violations referenced in the letters – aside
from those violations which were voluntarily remedied -- are the
same violations at issue in their Motion to Enforce Stipulations
and Orders.

Here, the Court finds that Plaintiffs have satisfied the
written 45-day notice requirement.  Significantly, on its face,
the notice provision does not require written notice of the
potential *enforcement action*.  Rather, it only requires
Plaintiff's to provide the Department written notice of the
*alleged non-compliance*.[3]  As such, there is no requirement that

---

[3] See Rec. Doc. 275-2, p. 18, ¶ 29; Rec. Doc. 275-2, p. 31,
¶ 16 ("In the event that class members seek to enforce this
stipulation based on the belief that the defendant has failed to
discharge any of his obligations under this stipulation, they

the written notice explicitly refer to the stipulations'
enforcement provisions, or to the 45-day period during which the
Department can remedy the alleged non-compliance.[4]  Because the
correspondence referenced above satisfies the advanced notice
requirement, the Court finds that Plaintiffs are presently
entitled to seek judicial enforcement of the prior stipulations
based on the violations alleged therein.

CONCLUSION

Accordingly, for the reasons expressed above,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's
Motion to Enforce Stipulations and Orders **(Rec. Doc. 289)** is
**DENIED**.

**IT IS FURTHER ORDERED** that the submission date for
Plaintiff's Motion to Enforce Stipulations and Orders is reset to
the Court's next available hearing date, March 14, 2012.

New Orleans, Louisiana this 7th day of March, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

will give *written notice of such failure* to defendants counsel .
. .")(emphasis added).

[4]  This analysis is not altered by the fact that other
attorneys have previously referenced such matters in past written
notices.